**-Case No. 14-7081-**

## UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

### DOLORES BAROT

*Plaintiff-Appellant*,

v.

### EMBASSY OF ZAMBIA,

*Defendant-Appellee.*

On Appeal from the U.S. District Court
of the District of Columbia
Hon. Amy Berman Jackson, Judge
Dist. Court Case No. 1:13-CV-00451

### APPELLANT'S OPENING BRIEF

Denise M. Clark, Esq. (420480)
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015 (ph)
(202) 293-0115 (fax)

October 31, 2014          *Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES, AND CORPORATE DISCLOSURE STATEMENT ............................................III

TABLE OF AUTHORITIES ..................................................................V

GLOSSARY OF ABBREVIATED TERMS......................................................VII

STATEMENT OF JURISDICTION..............................................................1

STATEMENT OF THE ISSUES................................................................2

STATEMENT OF FACTS ....................................................................3

SUMMARY OF ARGUMENT ..................................................................7

STANDARD OF REVIEW ....................................................................7

ARGUMENT ..............................................................................8

I.      THE COURT SHOULD NOT HAVE DISMISSED APPELLANT'S COMPLAINT FOR FAILURE TO COMPLY WITH THE FSIA. ................8

        1. THE RECORD CONTAINS AMPLE SUPPORTING DOCUMENTATION TO DEMONSTRATE THAT DEFENDANT WAS PROPERLY SERVED IN ACCORDANCE WITH FSIA SECTION 1608A ...........................................................11

II. THE COURT ABUSED ITS DISCRETION WHEN DISMISSING MS. BAROT'S CASE WITH PREJUDICE....................................................14

III. THE FACTS OF THIS CASE ARE REFLECTIVE OF THE TYPE OFCIRCUMSTANCE WHICH SUPPORTS THE LIBERAL READING OF TH EFEDERAL RULES OF CIVIL PROCEDURE ........................................17

CONCLUSION ...................................**ERROR! BOOKMARK NOT DEFINED.**

CERTIFICATE OF COMPLIANCE....................................................22

CERTIFICATE OF SERVICE .........................................................23

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES, AND CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 28(a)(1), and the Court's August 18, 2014 and

October 3, 2014 orders, counsel for Plaintiff-Appellant certifies as follows:

**(A)     Parties, Intervenors, and Amici:**

The named Plaintiff-Appellant in this matter is Dolores Barot, represented

by:

> Denise M. Clark, Esquire
> Bar No. 420480
> 1250 Connecticut Ave., N.W., Suite 200
> Washington, DC 20036
> (202) 293-0015 (ph)
> (202) 293-0115 (fax)
> dmclark@benefitcounsel.com

The named Defendant-Appellee is represented by:

> Laina Lopez, Esquire
> Bar No. 477412
> Berliner, Corcoran & Rowe, LLP
> 1101 17TH Street, NW, Suite 1100
> Washington, D.C. 20015
> (202) 293-5555 (ph)
> (202) 293-9035 (fax)
> lcl@bcr-dc.com

Appellant is unaware of amici appearing in this matter.

**(B)     Rulings Under Review:**

The rulings under review are the opinions and orders issued on Defendants'

Motion to Dismiss issued on April 11, 2014, and Plaintiff's Motion for

Reconsideration dated June 2, 2014.

III

**(C)     Related Cases:**

There are no related cases.

**(D)     Corporate Disclosure:**

Appellant is an individual who does not serve in a corporate officer, director

or shareholder.

# TABLE OF AUTHORITIES[*]

**Page(s)**

**CASES**

*Kilburn v. Islamic Republic of Iran*, 699 F. Supp. 2d 136 (D.D.C. 2010) ............10

*Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006)..11, 12,14, 15

*Democratic Republic of Congo v. FG Hemisphere Associates, LLC*, 508 F.3d 1062, 1063 (D.C. Cir. 2007) ........................................................................................10

*Gates v. Syrian Arab Republic*, 646 F.3d 1, 4-5 (D.C. Cir. 2011)............. 13,14, 15

*Oveissi v. Islamic Republic of Iran,* 498 F. Supp. 2d 268, 271 (D.D.C. 2007) *rev'd*, 573 F.3d 835 (D.C. Cir. 2009) ...............................................................................13

*Alberti v. Empresa Nicaraguense De La Carne*, 705 F.2d 250, 252 (7th Cir. 1983) ...........................................................................................................................16

*F.T.C v. Campagnie De Saint-Gobain-Pont-a-Mousson,* 636 F.2d 1300 (D.C.Cir.1980) ........................................................................................................17

*Wilson v. Prudential Financial*, 332 F.Supp.2d 83, 89 (D.D.C. 2004) ................18

*Hobson v Wilson*, 737 F.2d 1, 46 (D.C. Cir. 1984) ..........................................16, 18

*Angelich v. MedTrust, LLC*, 910 F.Supp.2d 128, 132-33 (D.D.C. 2010)...............19

*Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir.1985) ............19

**OTHER AUTHORITIES**

Attorney Manual for Service of Process on a Foreign Defendant, United States District Court for the District of Columbia, pg. 9-10. http://www.dcd.uscourts.gov/dcd/sites/dcd/files/AttyManualForeignMlg2 014wattach.pdf......................................................................................................9

Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608. .....................passim

H.R. 11315, Hearings to Define the Jurisdiction of the U.S. Courts in Suits Against Foreign States ...........................................................................................10

---

[*]Authorities principally relied upon are marked with an asterisk.

H.R.Rep. No. 1487, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 6604, 6610 (hereinafter referred to as House Report)....................15

Pub. L. No. 111-5, 123 Stat. 115 (2009).................................................16

9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2370 (1971) .........................................................................................16

# GLOSSARY OF ABBREVIATED TERMS

FSIA          Foreign Sovereign Immunities Act

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————

No.14-7081

————————

DOLORES BAROT

*Appellant,*

v.

EMBASSY OF ZAMBIA, *et al.*

*Appellee.*

————————

**BRIEF FOR APPELLANT**

————————

**STATEMENT OF JURISDICTION**

This case arises under the Foreign Sovereign Immunities Act, 28

U.S.C.§1608(a)  and the Federal Rules of Civil Procedure.   This Court has

jurisdiction pursuant to 28 U.S.C. §1291.

On April 11, 2014, the Honorable Judge Amy Berman Jackson, United States

District Court for the District of Columbia, dismissed with prejudice the complaint

filed by Dolores Barot because she found that the service of process did not

comply with the requirements of the Foreign Sovereign Immunities Act.

## STATEMENT OF ISSUES

1. Whether the Court properly decided that Plaintiff failed to properly address service of process to the Ministry of Foreign Affairs in accordance with the statutory requirements under 28 U.S.C.§1608?

2. Whether the Court abused its discretion by dismissing Plaintiff's Complaint ,with prejudice, due to her failure to properly serve Defendant, in view of the totality of the facts, and Ms. Barot's pro se status during the time that Court erroneously served process in violation of the Foreign Sovereign Immunities Act?

3. Whether the facts in this case support Plaintiff being provided additional time to perfect service of process in light of rulings in this and other jurisdictions  which call for the Federal Rules of Civil Procedure should be interpreted liberally, and where the Court should take care to protect pro se plaintiffs?

## STATEMENT OF FACTS

Dolores Barot, was employed by the Embassy of Zambia as a secretary, where she experienced discrimination and other employment problems, including termination. So she sought assistance for with the Equal Employment Opportunity Commission and other legal aid services. After exhausting her administrative remedies, she commenced an action against her former employer in the United States District Court for the District of Columbia. A1. When she commenced the action she was allowed to proceed *in forma pauperis*. A2. On August 16, 2013, the Court issued an order that Ms. Barot had 120 days to serve her complaint and that she could rely upon the U.S. Marshals Service to serve the defendant, and would not be penalized if the Marshals did not succeed. A8. The order also directed Ms. Barot's attention to the fact that service of process needed to comply with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608, and that she had until August 29, 2013 to file a notice with the Court that contained the full name and mailing address of the head of the Ministry of Foreign Affairs for the Republic of Zambia "[s]o that the Court could direct the Clerk of Court and the U.S. Marshals Service to execute service in accordance with the FSIA, 28 U.S.C. §1608." A9.

On September 3, 2013, Ms. Barot, then with the assistance of an attorney, filed a Notice To Court containing the information requested in the Court's August

16, 2013 Order.  A13.   Specifically, Ms. Barot provided the Clerk of Court the
name of the Minister of Foreign Affairs for the Republic of Zambia, along with the
address.  *Id*.   Notwithstanding this, the Court issued an Order to the Clerk of Court
directing that the service of Ms. Barot's complaint and summons be made by "mail
requiring a signed receipt, addressed and dispatched to the Ambassador of the
Embassy of the Republic of Zambia, 2419 Massachusetts Ave NW, Washington,
DC 20008"; and, deliver a copy of the summons and complaint "by form of mail
requiring a signed receipt, addressed an dispatched to the Embassy of the Republic
of Zambia, 2419 Massachusetts Ave, NW, Washington, DC 20008."  A11-12.  A
certificate of mailing was filed with the Clerk of Court confirming compliance
with the Order, including evidence that the mailings were delivered on September
9, 2013.  A14-18.

There being no responsive pleading or answer to the complaint, the Court
issued a Show Cause Order on October 15, 2013, giving Ms. Barot until Novmeber
5, 2013 to show why she had not moved for default judgment and why the case
should not be dismissed for lack of prosecution.  On November 5, 2013, with the
assistance of new counsel, Ms. Barot filed a Motion for Default.  On the same day,
the Embassy of Zambia filed its Motion to Dismiss and Motion to Strike in which
it asserted that service of process was not compliant with the FSIA.  On November
18, 2013, 223 days after the issuance of the summons to Ms. Barot, the Court

issued a Minute Order in which it directed Ms. Barot to serve the Embassy of

Zambia consistent with the requirements of the FSIA within 21 days from the date

of the Order.  Consistent with the Courts procedures for effectuating service under

the FSIA, on December 5, 2013, Ms. Barot's counsel delivered a package

containing the pleadings to the Clerk of Court requesting service of process.[1] A20-

21.  However, the package was misplaced; and, in an effort to meet the Court's

deadline service was attempted to be made, but it did not comply with the

requirements of the FSIA.  On January 15, 2014, the Embassy of Zambia renewed

its Motion to Dismiss and Motion to Strike.  On January 31, 2014, Ms. Barot

renewed her request for service consistent with the FSIA, delivering the require

materials to the Clerk of Court.  A24-26.  On March 4, 2014, Ms. Barot filed a

Notice of Completed Service of Process along with the Certificate of Mailing, and

the accompanying DHL confirmation and Waybills demonstrating service upon the

Ministry of Foreign Affairs, Embassy of Zambia.

On April 11, 2014, the Court dismissed Ms. Barot's complaint with

prejudice asserting that it lacked personal jurisdiction over the Embassy due to

Plaintiff's failure to properly serve the Embassy of Zambia in accordance with the

FSIA.  Ms. Barot filed a Motion for Reconsideration of the ruling, noting that the

DHL documents sufficiently complied with the statutory requirements of the FSIA,

---

[1] The complaint was amended on November 22, 2013.

save the words "head of " in front of  Ministry of Foreign Affairs, point to the

limitations that Ms. Barot's counsel had due to completing the DHL paperwork on-

line, which limited the space within which the addressee name was to be

completed.  Further the Court placed it emphasis on the delivery notice which

reflected that the Embassy of Zambia was served, not the Ministry of Foreign

Affairs.  A43.  Ms. Barot filed a Motion for Reconsideration in which she pointed

out that the addressee was not the Embassy of Zambia, but was in fact the Ministry

of Foreign Affairs of Zambia.  A45-59.  Of particular note was the contact

information placed in the DHL Waybill which lists the contact at the Min. Foreign

Affairs, and reflects the then telephone number for the Ministry of Foreign Affairs.

See A52 and A66.   In its opposition to the Motion for Reconsideration, the

Embassy of Zambia did not allege that the package was not received by the

Ministry of Foreign Affairs or suggest that the Minister of Foreign Affairs did not

receive the package.

## SUMMARY OF THE ARGUMENT

Appellant's service upon the Ministry of Foreign Affairs for the Embassy of Zambia was sufficient to meet the standards of FISA Section 1608, even if the envelope was addressed to the Min. of Foreign Affairs and not to the Head of the Ministry of Foreign Affairs.  If the Court determines that service of process was not sufficient to meet the standards of the FSIA, the Court abused its discretion by dismissing Appellant's complaint with prejudice, which was inconsistent this jurisdiction's liberal interpretation of Rule 4 of the Federal Rules of  Civil Procedure.

## STANDARD OF REVIEW

The standard of review of district court decisions dismissing cases for lack of jurisdiction is de novo.  *See Gorman v. Ameritrade Holding Corp*., 293 F. 3d 506 (D.C. Cir. 2002).

## ARGUMENT

### I.    THE COURT SHOULD NOT HAVE DISMISSED APPELLANT'S COMPLAINT FOR FAILURE TO COMPLY WITH THE FSIA

There is no dispute that the rules for the service of process in this case was governed by the Foreign Sovereign Immunities Act.  28 U.S.C. §§ 1608, *et seq*. Section 1608(a)(3) provides that when service cannot be effected under Sections 1608(a)(1) or (a)(2), it is to be done by mailing the summons, the complaint and a notice of suit (together with a translation of each into the official language of the foreign sovereign state) by any form of mail requiring a signed receipt, addressed by the Clerk of the Court to the head of the ministry of foreign affairs of the foreign state. 28 U.S.C. § 1608(a)(3).  While there is no requirement that the name of the minister be contained in the addressee, Courts have permitted compliance in various ways.

The Foreign Sovereign Immunities Act ("FSIA") prescribes four methods for serving legal process on a foreign state, in descending order of preference. *See* 28 U.S.C. § 1608(a). The preferred method of service is delivery of the summons and complaint "in accordance with any special arrangement for service between the plaintiff and the foreign state." *Id*. § 1608(a)(1).  Where no such arrangement exists, the statute permits delivery of the summons and complaint "in accordance with an applicable international convention on service of judicial documents." *Id*. §

8

1608(a)(2). Because Ms. Barot did not have a "special arrangement" for service with the Embassy of Zambia and the Defendant was not subject to the "international convention on service of judicial documents," the preferred method of service is provided by section 1608(a)(3), as outlined in the local rules of this Court. *See* Attorney Manual for Service of Process on a Foreign Defendant, United States District Court for the District of Columbia, pg. 9-10.

http://www.dcd.uscourts.gov/dcd/sites/dcd/files/AttyManualForeignMlg2014wattach.pdf.

The Court did not challenge whether the Ms. Barot followed the steps to meet the mailing requirements set forth in this Court's Attorney Manual for Service of Process on a Foreign Defendant when the January 31, 2014 attempt to serve the Minister of Foreign Affairs was effectuated. The Court's decision to throw out Plaintiff's entire case was based upon language in the Waybill that suggested that it was not delivered to the Minister of Foreign Affairs. In other words, the Court's ruling is based on an alleged technical "fatal flaw. A42. However, Plaintiff complied with the statutory requirement in Section 1608(a)(3) because the necessary documents were dispatched to the head of the ministry of foreign affairs through a mail service requiring receipt.

There is no doubt that the Ministry of Foreign Affairs received the required documents. See A45-59. Of particular note is the fact that the Court did not look

9

closely at the far right-hand side of the Waybill which it deemed defective to see that the Contact listed on the Waybill was the Ministry of Foreign Affairs. Despite irrefutable evidence that the necessary documents were in fact addressed to the Ministry of Foreign Affairs, the Court interprets the lack of the terms "Head of" on the DHL Waybill mailing label as the "technical error" depriving the Appellee of "apparent actual notice." A43. In essence, the Court took the strict rule of substantial compliance under Section 1608(a) to unprecedented extremes that this jurisdiction has not required.

There is no case law to support the extreme requirement imposed by this Court in that a DHL waybill mailing label include the terms "Head of." For example, in *Kilburn v. Islamic Republic of Iran*, 699 F. Supp. 2d 136 (D.D.C. 2010), the plaintiff brought a wrongful death and personal injury lawsuit against the Republic of Iran and one of its political subdivisions. There, the District Court of D.C. found that the Plaintiff complied with Section 1608(a)(3) where the required documents were sent to the "Iranian Ministry of Foreign Affairs via registered mail." *Kilburn*, 699 F. Supp. 2d at 149. Although the documents were returned unexecuted, addressing the package in this manner, without the term "Head of" explicitly stated, was considered to be in accordance with the statutory requirements. *Id.*

10

The District Court's interpretation of the FSIA has not been so focused on semantics that the absence of two single words could obliterate a Plaintiff's right to seek remedies against a foreign state. Instead, this jurisdiction emphasizes that service is satisfied by "any form of mail requiring receipt." *See Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006). Similar to the case at hand, in *Abur*, the preferred method of service was under Section 1608(a)(3). *Id.*  In addition, service was deemed to be in statutory compliance based on the fact that the necessary documents, as here, were delivered to and accepted by the Ministry of Foreign Affairs. *Id.*  Simply put, there was no requirement that service be made to the "Head of the Ministry of Foreign Affairs."[2]

Notably, a case cited by the Court actually recognized that "subsection (a)(3) seems **not** to require the name of the head of the ministry of foreign affairs…." *Democratic Republic of Congo v. FG Hemisphere Associates, LLC*, 508 F.3d 1062, 1063 (D.C. Cir. 2007). Furthermore, the Court explains that the "sole justification" for strict compliance with section 1608(a) is because the Ministry of Foreign Affairs is the department most capable of navigating the American legal system.

---

[2] The legislative history of this statute demonstrates that Congress was focused on the appropriate agency of a foreign state that would take notice of the service of legal documents.  Congress noted that the European Convention of State Immunity concluded that the Ministry of Foreign Affairs was the most appropriate body.  Further the bill which was presented before the  Ninety-Forth  Congress did not contain the phrase "head of the".  *See* H.R. 11315, Hearings to Define the Jurisdiction of the U.S. Courts in Suits Against Foreign States, June 2 and 4, 1976, p. 12-15, 40-44.

*See* A43.   Here, the underlying purpose for strict compliance is wholly satisfied because the Ministry of Foreign Affairs was served. Therefore, the issue of whether Plaintiff properly served Defendant under Section 1608(a)(3) is a non-sequitur. Furthermore, as discussed below, it is a manifest form of injustice to dismiss Plaintiff's case with prejudice, where the facts demonstrate that Ms. Barot was pro se during the time that the original service errors occurred.

         **1.**  **The Record Contains Ample Supporting Documentation to Demonstrate that the Defendant was Properly Served in Accordance with Section 1608(a)(3) and the Failure to Consider Relevant Case Law is Clear Error.**

In this case, the Court mistakenly relies upon a DHL waybill mailing label to conclude improper service of process because the label was not addressed to the head of the ministry of foreign affairs. This is a flawed conclusion for various reasons. First, multiple pieces of reliable evidence demonstrate that the necessary documents were addressed and delivered to the Ministry of Foreign Affairs located in Lusaka, Zambia. *See* A47-59. An e-mail dated January 31, 2014 sent by DHLOnline at 4:26 pm confirmed that the shipment label was printed for delivery to "Min.Foreign Affairs of Embassy of Zambia." While this was an abbreviation of the word Ministry, it also could be interpreted as the abbreviation for the work Minister.  What was overlooked by the Court below was the inclusion of the phone number and email for the Minister of Foreign Affairs of Zambia.  The phone

number from the website of the Embassy of Zambia (A66), was listed below Min.

Foreign Affairs in the contact section of the Waybill.  In the Commercial Invoice,

A48, both the phone number and email address for the Ministry of Foreign Affairs.

In a similar vein, the DHL waybill mailing label included "Min.Foreign

Affairs" as the Contact for the Embassy of Zambia in Lusaka City, Zambia. The

Court overlooked this language on the label in its Order. In addition, the

Commercial Invoice signed by Plaintiff's counsel on January 31, 2014 clearly

designates the Consignee Name as "Ministry of Foreign Affairs." The February 11,

2014 letter from DHL provided direct evidence of a successful delivery to Also,

the DHL Express Tracking Document with a print stamp date of February 11, 2014

at 10:56 am shows a chronological timeline indicating the actions of the dispatcher

and the recipient. See A45-59.

Courts have looked to letters from DHL confirming proof of delivery with a

signature of a Defendant's representative as evidence of service. *Gates v. Syrian

Arab Republic*, 646 F.3d 1, 4-5 (D.C. Cir. 2011); *Cf. Oveissi v. Islamic Republic of

Iran,* 498 F. Supp. 2d 268, 271 (D.D.C. 2007) *rev'd*, 573 F.3d 835 (D.C. Cir.

2009)(denying plaintiff's motion for default judgment where the DHL receipt did

not bear a signature confirming receipt). In *Gates,* the D.C. Circuit Court of

Appeals found that the district court did not err in ruling that Syria received service

of process under the FSIA. There, the Court relied on the letter sent by DHL

13

because it traced the package based on the appropriate tracking number and disclosed that the shipment was picked up at a certain date and time. 646 F.3d at 4. Ms. Barot presented similar factual information regarding delivery and receipt by the Ministry of Foreign Affairs, including the letter from DHL which shows that "Kadimba" picked up the envelope containing the necessary documents on February 6, 2014. A29.  This detailed information is credible evidence of the kind relied upon by the courts. It was clear error for the Court to disregard this valid precedent. Furthermore, the Appellee did not dispute the delivery of the necessary documents to the Ministry of Foreign Affairs for Zambia.

Evidence like the kind presented by Ms. Barot to show adequate service has significant implications. For example, in *Abur*, the plaintiff provided both corresponding tracking receipts from DHL as well as signed DHL delivery logs to prove that the shipment was delivered to and accepted by the ministry of foreign affairs. 437 F. Supp. 2d at 173. The court interpreted this evidence as "active participation" by both the dispatcher and the recipient. *Id.* (citing *Phoenix Consulting, Inc. v. Republic of Angola,* 35 F.Supp.2d 14, 19 (D.D.C.1999), *rev'd on other grounds*, 216 F.3d 36 (D.C.Cir.2000). In this case, the record contains documentary evidence to clearly represent active participation. More importantly, such "active participation" is held to be "sufficient to satisfy the core function of service—to give notice of the pendency of legal action." *Id.* at 173.

14

Like the service evidence in *Abur* and *Gates*, the DHL letter, the DHL e-mail, the DHL Express Tracking Records, and the waybill mailing label reflect active participation by the sender and recipient. Such service was sufficient to give notice to Defendant of this case. *Abur,* supra, 437 F. Supp. at 173 (holding that plaintiff met the requirement "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections" (internal citation omitted)).

## II.     THE COURT ABUSED ITS DISCRETION WHEN DISMISSING MS. BAROT'S CASE WITH PREJUDICE

The Advisory Committee Notes to the 1993 Amendments to Rule 4 provide that "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.".  The legislative history of Rule 4 suggests that it is appropriate to provide additional time to complete the service of a complaint where good cause exists for the failure to provide service.

> Rule 4(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides, in relevant part:
> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

15

Fed.R.Civ.P. 4(m). Rule 4 further specifies who may make service, *see* Fed.R.Civ.P. 4(c)(2) & (3), and how a waiver of service may be proved, *see* Fed.R.Civ.P. 4(d). "Unless service is waived, proof of service must be made to the [district] court." Fed.R.Civ.P. 4(*l* )(1). "[P]roof must be by the server's affidavit," unless service is made by the United States marshal (or deputy marshal). *Id.*

H.R.Rep. No. 1487, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 6604, 6610 (hereinafter referred to as House Report).  *See also Alberti v. Empresa Nicaraguense De La Carne*, 705 F.2d 250, 252 (7th Cir. 1983).

   The facts in this case are that a pro se Plaintiff relying upon the Court and the Clerk of Court to effectuate service of process, was a victim of their errors.  The Court erred in directing the U.S. Marshals to serve process on the Ambassador of Zambia and the Embassy of Zambia located in the District of Columbia, despite citing the FSIA as controlling how service of process was required to be effectuated. *See*  A8 and A10.  The passage of time associated with those errors placed Ms. Barot in a situation where the dismissal of her complaint would certainly prevent re-filing, as the 120 day period had expired.

   This Court has demonstrated that it considers "[d]ismissal to be a severe sanction, and alternative sanctions are not only permissible but often preferred." *Hobson v Wilson*, 737 F.2d 1, 46 (D.C. Cir. 1984), *citing* 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2370 (1971) ("appellate courts do not look favorably on dismissal with prejudice if there are lesser

16

sanctions that could vindicate the purpose of the rules").  This was even in the

instance that the Plaintiff ignores its obligations to effectuate service of process.

*Id.* 45- 46.  In  *F.T.C v. Campagnie De Saint-Gobain-Pont-a-Mousson,* 636 F.2d

1300 (D.C.Cir.1980), the court of appeals stated:

> The general attitude of the federal courts is that the provisions of
> Rule 4 should be liberally construed in the interest of doing
> substantial justice and that the propriety of service in each case
> should turn on its own facts within the limits of the flexibility
> provided by the rule itself. This is consistent with the modern
> conception of service of process as primarily a notice-giving
> device. 4 C. Wright & A. Miller, Federal Practice and Procedure:
> Civil s 1083, at 332-33 (1969 & Supp.1977) (emphasis added). See
> also id. s 1063, at 204: The primary function of Rule 4 is to
> provide the mechanisms for bringing notice of the commencement
> of an action to defendant's attention and to provide a ritual that
> marks the court's assertion of jurisdiction over the law. (emphasis
> added).

*Id.* at 1313 n. 61.

Here Ms. Barot was not indifferent, she was caught between an incorrect

order of the Court to the Clerk of Court on how service should be carried out and

the time delays before the error was revealed, which was over 200 days after the

summons was first issued.  The Court's reaction in dismissing the case with

prejudice serves as a sanction against Ms. Barot for no actions of her own during

the time when she had no counsel.  Had counsel effectuated service in a manner

consistent with the service in January 2014 (A24) while the 120 day period was in

effect, complying with the Court's view of the addressee language on the DHL

Waybill could have been accomplished within Rule 4's timeframe. Instead, the Court treated the attempts of Ms. Barot's counsel to complete service as the original errors, when in fact they were not.

### III. THE FACTS IN THIS CASE ARE REFLECTIVE OF THE TYPE OF CIRCUMSTANCE WHICH SUPPORTS THE LIBERAL READING OF THE FEDERAL RULES OF CIVIL PROCEDURE

Taking into consideration the principles underscoring the liberal interpretation of Rule 4 in this and other jurisdictions, the facts here are certainly the kind of facts that call for a liberal interpretation of Rule 4. Having given the Clerk of the Court all of the necessary information to properly serve Defendant before she retained counsel, and the Clerk of the Court failed to follow its internal procedures as a consequence of an Order issued by the presiding judge.

The legal standard applicable to a motion to dismiss under Rule 12(b)(5) requires Plaintiff to show compliance with Rule 4. Service must be effected "within 120 days after the complaint is filed" unless "the plaintiff shows good cause for the failure" to meet this deadline. Fed.R.Civ.P. 4(m). In this instance, the Court considered the service to be appropriate in October, as evidenced by the Order to Show Cause issued on October 15, 2013. After determining its error concerning, the Court did not order a new summons for Plaintiff. In fact, Plaintiff was provided less than 30 days to determine where and how the materials had to be served. The misleading information from Defendant and misinformation from the

18

Office of the Clerk made compliance within that time period difficult. The Court

provided Plaintiff until December 9, 2013 to submit the necessary and statutorily

compliant material to the Clerk of the Court to serve in accordance with 28 USC

§1608(a).  Plaintiff completed that task on December 2, 2013, 7 days before the

deadline, but an error hampered effectuating service of process.  Instead of

recognizing the totality of the circumstances, it was easier for the Court to simply

blame the Plaintiff and penalize her with a dismissal of her case.

   Although the Court has the authority to dismiss this action for the alleged

insufficient service, the Court also has the discretion to quash the defective service

without dismissing the entire case.  *Wilson v. Prudential Financial*, 332 F.Supp.2d

83, 89 (D.D.C. 2004).  In *Angelich v. MedTrust, LLC*, this Court held that although

the Plaintiff did not serve a party authorized to receive service, the service would

be quashed, rather than dismissing the case alleging wrongful termination, among

other claims.  910 F.Supp.2d 128, 132-33.  This is the appropriate action where

there is a reasonable prospect that service can still be obtained.  *Id.* at 132; See also

*Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir.1985)(finding

that a Court may give a plaintiff reasonable opportunity to attempt to effect valid

service of process on a foreign sovereign in lieu of dismissing a complaint for

invalid service of process).  That was certainly the situation in this case.

Yes, the Court, provided Ms. Barot time to correct the error once it became aware by the Embassy's motion for relief.  However, the mere short period of approximately three weeks when compared the Court's failures exhausting Ms. Barot's 120-day period to effectuate service hardly amounts to an appropriate time to permit her to cure the deficient service of process.

Finally, the fact that the defendants had actual notice of the complaint also militates against a finding of prejudice. Since Ms. Barot was be time-barred from re-filing her complaint, and the Embassy did not allege prejudice if Rule 4(m) relief is granted, the balance of equities tips in favor of the Ms. Barot. Moreover, granting Ms. Barot a discretionary extension also furthers the principle that litigation should generally be resolved on the merits ." (citations omitted)).

## IV.  <u>CONCLUSION</u>

For all the foregoing reasons, Dolores Barot respectfully requests the Court remand her case back for reinstatement  finding that her service upon the Ministry of Foreign Affairs, Embassy of Zambia met the requirements of FSIA, or to the extent that it did not, the Court remand the case with instruction to the parties to effectuate service consistent with FSIA.  Ms. Barot respectfully requests that the fatal penalty of dismissal with prejudice be removed and not upheld, as she was pro se at the time the initial, and ineffective, service of process by the Court was

implemented, and she relied upon the Court to complete service of process

consistent with its rules, only to learn too late of that the service was considered

ineffective.   Therefore, the dismissal of Ms. Barot's complaint should be vacated.


Dated:  October 31, 2014                    Respectfully submitted,


                                            /s/ Denise M. Clark
                                            Denise M. Clark, Esq. (420480)
                                            1250 Connecticut Ave., N.W.
                                            Suite 200
                                            Washington, DC 20036
                                            (202) 293-0015 (ph)
                                            (202) 293-0115 (fax)
                                            dmclark@benefitcounsel.com

## CERTIFICATE OF COMPLIANCE

Pursuant to F.R.A.P. 32(a)(7)(C), I hereby certify as follows: (1) this brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B) because this brief contains 5,492 words, exclusive of the parts exempted by F.R.A.P. 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(2); and (2) this Brief for Appellant complies with the typeface requirements of F.R.A.P. 32(a)(5), as modified by D.C. Circuit Rule 32(a)(1), and the type style requirements of F.R.A.P. 32(a)(6), because this brief has been prepared in Microsoft Word using a proportionally spaced, Times New Roman Typeface of 14-point or larger.

/s/ Denise M. Clark
Denise M. Clark, Esq.

22

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2014 I electronically filed the foregoing

Appellant's Opening Brief with the Clerk of the Court using the CM/ECF System,

which will send notice of such filing to Appellees' Counsel, a registered CM/ECF

user:

Laina C.W. Lopez (477412)
Berliner, Corcoran & Rowe LLP
1101 Seventeenth St. NW
Suite 1100
Washington, D.C. 20036

A paper copy of the foregoing Brief for Appellant was also served upon

Appellee's Counsel by U.S. Mail, postage prepaid.

Unless otherwise noted, the original and 5 paper copies have been filed with the

Court on the same date by hand-delivery.

/s/ Denise M. Clark
Denise M. Clark, Esq.